# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR 9-105 |
| | ) CV 18-1627 |
| v. | |
| ANTHONY LONDON | |

## MEMORANDUM ORDER

On January 21, 2014, a jury convicted Defendant of violating 21 U.S.C. § 846. On January 9, 2015, he was sentenced to a term of imprisonment of 240 months, followed by a term of supervised release. Defendant appealed; the Court of Appeals affirmed by Judgment dated August 31, 2018. The mandate and opinion were filed on the District Court docket on January 7, 2019.[1] On December 6, 2018, Defendant filed a <u>pro se</u> Motion to Vacate pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will hold Defendant's Motion in abeyance pending further briefing regarding Defendant's sentencing enhancement.

On May 29, 2013, the Government filed an Information Charging Prior Offense pursuant to 28 U.S.C. § 851 ("851 Information"). Therein, the Government asserted that Defendant plead guilty and was sentenced for a "felony drug offense, namely possession of cocaine for sale, section 11377, at court number 184402A in the Superior Court of California." The prior conviction at issue was a guilty plea entered on August 28, 1981, in Alameda County Superior Court. The plea resulted in a suspended sentence and three years' probation, entered on October 5, 1981. In 1981, Defendant asserts, the statute of conviction carried a maximum punishment of a fine not exceeding $500, and/or imprisonment not exceeding six months. Accordingly, he argues, it did not meet the definition of a "felony drug offense."

---

[1] Judge Cercone presided over this matter until it was transferred to my docket on July 29, 2019.

1

The Government's opposition to this substantive argument is limited to two topics. First, the Government refers to the state court documents related to Defendant's 1981 conviction, and attached to the 851 Information: a criminal Complaint, a Certificate of Magistrate and Commitment, and a Minute Order re: Probation. Each such document, along with the Presentence Report prepared in the instant case, uses the word "felony." Second, the Government points to language from Defendant's appellate proceedings: in Defendant's appellate brief, he argued that his California conviction had been reclassified as a misdemeanor; the Court of Appeals, in its Opinion, stated that Defendant committed his federal offense "after a prior conviction for a felony drug offense ha[s] become final." If the crime had always been a misdemeanor, the Government contends, reclassification would not have been necessary. This argument suggests both that Defendant now takes a contradictory position, and that appellate proceedings established the propriety of the sentencing enhancement.

The latter suggestions are not persuasive. On appeal, Defendant argued that the reclassification of his conviction as a misdemeanor by virtue of California's Proposition 47 rendered it ineligible as a predicate offense. Our Court of Appeals concluded that Proposition 47 did not affect the prior conviction for purposes of Section 841. Defendant's appellate brief did not address the status of his conviction in 1981. Instead, it referred to 2003 caselaw describing the statute of conviction, prior to Proposition 47, as a "wobbler" – i.e., an offense punishable either as a felony or misdemeanor – and to Defendant's conviction as a felony. In other words, the parties, and therefore the Court of Appeals, proceeded under the assumption that Defendant's 1981 conviction had been a felony that was reclassified as a result of Proposition 47. The Court of Appeals neither considered nor found, as a matter of fact or law, that Defendant's 1981 conviction ab initio qualified as a felony drug offense. Further, Defendant currently contends that

appellate counsel was constitutionally ineffective for failing to challenge the predicate offense on the particular grounds that Defendant now raises.

Next, we turn to the Government's reliance on the language used in the California court documents appended to the 851 Information. I concur with the Government that the applicability of enhanced penalties turns on the nature of the underlying conviction when it occurred or was imposed. I note, too, that as a general matter, the Government bears the burden of proving the fact of a prior conviction.[2] See, e.g., United States v. Gutierrez-Gainza, 284 F. App'x 975, 976 (3d Cir. 2008). In that vein and at this juncture, the Court declines to delve into the legislative history of Section 11377, or other niceties of state criminal law as it stood at the time of Defendant's 1981 conviction, on the Government's behalf. A cursory review thereof, however, indicates a need for further explication.

The California criminal Complaint charged Defendant with a violation of Section 11351 of the Health and Safety Code of California ("Section 11351"), in that Defendant "did then and there possess for sale a controlled substance, to-wit: COCAINE." Section 11351, entitled "Unlawful possession for sale," provided for a term of imprisonment of more than one year.[3] Neither the Minute Order re: Probation nor Certificate of Magistrate and Commitment, however, reflect that Defendant was convicted under Section 11351. Instead, they indicate that Defendant pleaded guilty to and was sentenced under Section 11377 of the California Health and Safety Code ("Section 11377"), which is entitled "Unauthorized possession; punishment." As stated

---

[2] In addition, Defendant suggests that counsel was ineffective for failing to raise the present challenge in accordance with Section 851(c)(1). Had the challenge been raised at that time, the Government would have borne the burden of proof pursuant to that Section.

[3] Prior to a 1976 amendment, Section 11351 provided for imprisonment for "a period of not less than five years or more than 15 years"; after the amendment, and currently, it provides for a term of imprisonment of "two, three, or four years."

supra, each of the documents use the word "felony"; the Government does not, however, explain why the state court's characterization of offense level should control in federal Court.

Defendant pleaded guilty to a violation of Section 11377 on August 28, 1981, and was sentenced on October 5, 1981. A 1981 Amendment to Section 11377, inter alia, deleted the following provision: "every person who possesses any controlled substance specified in paragraph (6) of subdivision (b) of Section 11056…shall be punished by a fine of not exceeding five hundred dollars ($500), or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment." The deleted language was replaced with language indicating that a violation of the statute "shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison." Federal law provides that a "felony drug offense," within the meaning of Section 841, means "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).[4]

Here, the Government has not addressed, as s substantive matter, whether Defendant's 1981 conviction for a violation of Section 11377 constituted a "felony drug offense" for purposes of Sections 841 and 851. The Government shall file a supplemental brief, consistent with the issues addressed in this Memorandum Order, by October 24, 2019. Defendant's Section 2255 Motion will be held in abeyance until briefing is complete.

---

[4] California's present definition of "felony" is found in California Penal Code §17(a): "a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170."

AND NOW, this 3rd day of October, 2019, IT IS SO ORDERED.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court