# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
| | ) CR 9-105 |
| | ) CV 18-1627 |
| v. | |
| ANTHONY LONDON | |

## OPINION AND ORDER

### SYNOPSIS

On January 21, 2014, a jury convicted Defendant of violating 21 U.S.C. § 846. On January 8, 2015, he was sentenced to a term of imprisonment of 240 months, followed by a term of supervised release. Defendant appealed; the Court of Appeals affirmed by Judgment dated August 31, 2018. The mandate and opinion were filed on the District Court docket on January 7, 2019.[1] On December 6, 2018, Defendant filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Section 2255"). Defendant asserts that his sentence was enhanced, based on an Information filed pursuant to 21 U.S.C. § 851 ("Section 851") that failed to allege a qualifying felony drug offense. Defendant also challenges the sentencing Court's failure to conduct a colloquy required by Section 851. In addition to challenging the Court's actions in that regard, Defendant claims that his counsel was ineffective in dealing with these matters. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

### OPINION

**A. SECTION 2255 STANDARDS**

---

[1] Judge Cercone presided over this matter until it was transferred to my docket on July 29, 2019.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). The standard of proof in a Section 2255 proceeding is by a preponderance of the evidence. United States v. Ballard, No. 03-810, 2017 U.S. Dist. LEXIS 105766, at *10 n.5 (E.D. Pa. July 7, 2017). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Further, pro se pleadings are to be liberally construed, and I have considered Defendant's submissions accordingly. In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

### B. BACKGROUND

On May 29, 2013, the Government filed an Information Charging Prior Offense ("Information") pursuant to Section 851. Therein, the Government asserted that Defendant was previously convicted of a "felony drug offense, namely possession of cocaine for sale, section 11377, at court number 184402A in the Superior Court of California." The prior conviction at issue stemmed from a guilty plea entered on August 28, 1981, in Alameda County Superior Court. The plea resulted in a suspended sentence and three years' probation, entered on October 5, 1981. The Presentence Investigation Report prepared in the instant matter on April 23, 2014, referred to this prior conviction as "possession for Sale-Cocaine/Alameda County Superior Court, Oakland, CA."

Attached to the Information were a California criminal Complaint from the Municipal Court for the Oakland-Piedmont Judicial District, County of Alameda, dated May 12, 1981. The

Complaint charged Defendant and two co-defendants with violating the Health and Safety Code of California § 11351 ("Section 11351"), "in that said defendants did then and there possess for sale a controlled substance, to-wit: COCAINE."[2] Section 11351, entitled "Unlawful possession for sale," provided for a term of imprisonment of more than one year.[3]

Also attached to the Information were a Minute Order re: Probation ("Minute Order") and Certificate of Magistrate and Commitment ("Certificate"). The Certificate is dated August 28, 1981. The Certificate form provided a space following "defendant pleaded guilty to felony offense(s), to wit:"; the subsequent handwritten notation states, "section 11377 of the California Health and Safety Code." The Minute Order, dated October 5, 1981, states that Defendant was convicted on August 28, 1981. The offense description is typed onto the form: "a felony, to wit, a violation of Section 1137 of the Health and Safety Code of California as charged in the Complaint – Oakland-Piedmont Judicial District." The Certificate states, "defendant pleaded guilty to a felony offense(s) to wit: section 11377 of the California Health + Safety Code." The Minute Order reflects that the imposition of sentence was suspended for three years, during which time Defendant was placed on probation.[4]

### A. DEFENDANT'S MOTION

As discussed supra, Defendant claims that the conviction relied on in the Information does not qualify as a "felony drug offense," and thus his sentence should not have been

---

[2] The document is untitled, but will be referred to herein as the "Complaint."
[3] Prior to a 1976 amendment, Section 11351 provided for imprisonment for "a period of not less than five years or more than 15 years"; after the amendment, and currently, it provides for a term of imprisonment of "two, three, or four years."
[4] Prior to sentencing, Defendant challenged the Information on grounds that the Government had used it as a tool of coercion, but did not raise any challenge relating to the conviction listed in the Information. At sentencing, the Court did not question Defendant regarding the Information. Thereafter, appellate counsel challenged the Information on grounds that California's Proposition 47 reduced Section 11377 convictions to misdemeanors, and thus Defendant's conviction no longer supported an enhanced sentence. The Court of Appeals rejected that argument.

3

enhanced. Relatedly, Defendant challenges the sentencing Court's failure to conduct a colloquy pursuant to Section 851. Although Defendant's challenges rest, in part, on allegations of ineffective assistance of counsel, I will first address the underlying issues.

### 1. PRIOR CONVICTION

After a prior conviction for a "felony drug offense," Sections 841 and 851 may subject a defendant to an enhanced sentence. Federal law, which looks to the maximum penalty allowed by the state statute rather than the terminology used by the state, dictates whether a prior conviction qualifies under Section 841. See, e.g., United States v. Mitchell, 625 F. App'x 113, 116 (3d Cir. 2015) see also United States v. McGlory, 968 F.2d 309, 349 (3d Cir. 1992).

A "felony drug offense," within the meaning of Section 841 and federal law, means "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44); Burgess v. United States, 553 U.S. 124, 134, 128 S. Ct. 1572, 170 L. Ed. 2d 478 (2008).

To determine the status of a prior conviction as a "felony drug offense," our Court of Appeals has employed a categorical approach, which involves comparing the elements of the statute of conviction with the elements a felony drug offense. United States v. Aviles, 938 F.3d 503, 511 (3d Cir. 2019). "The categorical approach cannot be applied with ease, however, where a statute of conviction is 'divisible,' or contains alternative elements, thereby making it impossible to determine precisely which crime was committed." Id. In such a case, a court may look to documents, authorized by Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), and related cases, "to determine what crime, with what elements, a defendant was convicted of.… we would then compare the elements of that crime to the definition of

'felony drug offense' to determine whether [the] state conviction qualifies as such…." Aviles, 938 F. 3d at 511. Section 11377 has been divisible. See Coronado v. Holder, 759 F.3d 977, 985 (9th Cir. 2014). Given the statutory alternatives in place in 1981, the pertinent version of the statute shall be treated similarly.[5]

At the time of Defendant's plea and sentence,[6] Section 11377 read, in pertinent part, as follows:

(a) Except as otherwise provided [in the Business and Professions Code], every person who possesses any controlled substance which is (1) classified in Schedule III, IV, or V… and which is not a narcotic drug or (2) which is specified in subdivision (d) of Section 11054, except paragraphs (10), (11), (12), and (17) or such subdivision, or specified in subdivision (d) or (e) of Section 11055…shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison.

(b) Except as otherwise provided [in the Business and Professions Code] every person who possesses any controlled substance specified in paragraph (6) of subdivision (b) of Section 11056…shall be punished by a fine of not exceeding five hundred dollars ($500), or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment.

California Penal Code § 11377, ALWD 6th ed. 1978 vol. 2 2208.

The relevant version of Section 11377(a) gives rise to a felony, but Section 11377(b) does not. California law provided that when no term was specified, "every offense …punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years." California Penal Code § 18 (1976 Amendment). Thus, a

---

[5] As our Court of Appeals has noted, when considering whether a predicate offense qualified as a "felony drug offense" under 841, that "if different punishments are proscribed [for alternative controlled substances], then the alternatives are elements." United States v. Aviles, 938 F.3d 503, 513 (3d Cir. 2019).
[6] Section 11377 was amended in 1978, and then again in 1981. The 1981 amendment, addressed during a regular session of the legislature, was approved by the Governor and filed with the Secretary of State on September 24 and 25, 1981, respectively. In California, an amendment enacted during a regular session becomes effective "January 1 next following a 90-day period from the date of enactment of the statute." Cal. Const., Art. IV §8. Accordingly, the version of Section 11377 as amended in 1978 and prior to the 1981 amendment was in effect at the time of Defendant's conviction and sentence.

5

violation of Section 11377(a), which did not in 1981 specify a term for its authorized state prison sentence, was punishable by a term of imprisonment of up to three years. United States v. Corona, No. 05-148, 2009 U.S. Dist. LEXIS 103160, at *15 (E.D. Tenn. Nov. 4, 2009). In contrast, a violation of Section 11377(b), punishable by a specified term of imprisonment in county jail not to exceed six months, did not qualify as a felony. Accordingly, a plea of guilty to Section 11377(a), and not Section 11377(b), would qualify as a "felony drug offense" for present purposes.[7]

The Shepard documents furnished along with the Information establish that Defendant did, in fact, plead guilty to Section 11377(a). First, both the Minute Order and Certificate use the word "felony." The pertinent state definition of "felony" is found in California Penal Code §17(a): "a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170 [specifying the term in county jail when not specified in the underlying offense]."[8] Therefore, at the time of Defendant's conviction, Section 11377(a) fell within California's definition of "felony," but Section 11337(b) did not.

Second, the Minute Order reflects that the imposition of sentence was suspended for a period of three years, and a three-year probationary term imposed. Pursuant to California law, a court is (and was) permitted to grant probation, suspend the imposition of the sentence, and direct that the suspension continue "for a period of time not exceeding the maximum possible term of the sentence…." Cal. Penal Code § 1203.1. Thus, in 1981, a court could not "establish a

---

[7] It is unhelpful to rely on reference to the substance – cocaine – involved in Defendant's initial charge. Neither subsection of Section 11377 appears applicable to cocaine. Instead, California Health and Safety Code § 11350 addressed, and still addresses, cocaine possession. People v. Macafee, 109 Cal. App. 3d 808, 811, 167 Cal. Rptr. 495, 496 (1980).
[8] The latter clause was added in 2011; at the time of Defendant's conviction and sentence, it appears that the remainder of the definition was substantially the same as it stands now.

6

period of probation longer than the maximum period of imprisonment for the offense involved." In re Bolley, 129 Cal. App. 3d 555, 557 (Cal. 1982). As discussed supra, the maximum term of imprisonment for a violation of Section 11377(a) was three years; of Section 11377(b), six months. Therefore, Defendant's three-year suspended imposition of sentence correlated precisely with the term allowed by Section 11377(a), but would have exceeded the Court's authority under Section 11377(b).

The Shepard documents can only be read to reflect a conviction under Section 11377(a), and to exclude the possibility that Defendant was convicted of violating Section 11377(b). Defendant does not challenge the accuracy or validity of the Shepard documents. Because the statute of conviction fits the federal definition of "felony drug offense," Defendant's sentence was supported by a valid predicate conviction.

## 2. REMAINING ISSUES

The existence of a valid predicate offense impacts the remainder of Defendant's Motion. Defendant raises his claims through the lens of ineffective assistance of counsel. Such a claim requires both that counsel's performance was deficient, and that the deficiency caused him prejudice. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). With respect to the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695. Similarly, the Court's failure to conduct a Section 851 colloquy, under these circumstances, is not an error that demands correction. Cf., e.g., United States v. Soto, 159 F. Supp. 2d 39, 47 n.10 (E.D. Pa. 2001). Here, because the Shepard documents reflect that Defendant was previously convicted of a "felony drug offense," there is not a reasonable probability that the outcome would have differed had counsel at either the trial or appellate level, or the Court itself, dealt differently with

7

the Information or the failure to colloquy. I note, too, that given the analysis set forth <u>supra</u>, Defendant has not demonstrated sufficient grounds to overcome procedural default. See <u>United States v. Ciavarella</u>, No. 09-272, 2018 U.S. Dist. LEXIS 2785, at *28 (M.D. Pa. Jan. 8, 2018).

### B. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Defendant has not made such a showing here, and no certificate of appealability shall issue.

### CONCLUSION

In conclusion, Defendant has not demonstrated any fundamental defects, omissions, or miscarriage of justice on the grounds charged, and is not entitled to relief pursuant to 28 U.S.C. § 2255. No certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: December 19, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 9-105 |
| | ) CV 18-1627 |
| v. | |
| ANTHONY LONDON | |

## ORDER

AND NOW, this 19th day of December, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED. No certificate of appealability shall issue.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court