IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
          v.                      )
                                  )          Criminal No. 09-105
ANTHONY LONDON,                   )
                                  )
                    Defendant.    )

## MEMORANDUM ORDER

### I.    INTRODUCTION

Presently before the Court is Defendant Anthony London's ("London") *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the Government's response in opposition thereto, and London's reply.  (Docket Nos. 2918, 2922, 2927).  For the reasons set forth herein, London's motion is denied.

### II.   BACKGROUND

London was convicted by a jury for violating 21 U.S.C. § 846 on January 21, 2014, and he was thereafter sentenced to a 240-month term of imprisonment, followed by a ten-year term of supervised release.  (Docket No. 2804).  The United States Court of Appeals for the Third Circuit affirmed the judgment.  (*Id.*).  London later filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 wherein he asserted that his sentence had been erroneously enhanced pursuant to 21 U.S.C. § 851 for a prior state conviction that did not qualify as a predicate felony drug offense for the enhancement, and that his counsel had been ineffective.  (*Id.*).  The District Court determined that London failed to show "any fundamental defects, omissions, or miscarriage of justice on the grounds charged, and [therefore was] not entitled to relief pursuant to 28 U.S.C. § 2255."  (*Id.*).  London appealed and, in a not-precedential opinion, the Third Circuit affirmed the decision and explained that London's plea of guilty to a felony violation of Section 11377 of the Health and Safety Code of California in 1981 constituted a "felony drug offense" pursuant

to 21 U.S.C. § 841(b)(1)(A) (2012) at the time of his sentencing.  *United States v. London*, No.

20-1068, 2022 WL 1238353, *1-2 (3d Cir. Apr. 27, 2022).[1]

London filed the compassionate release motion now under the Court's review on June

21, 2023.  (Docket No. 2918).  Therein, he offers four reasons for a reduction of his sentence:

"(1) [his] sentence is grossly disproportionate relative to the fifteen (15) year sentence now

applicable in light of the First Step Act; (2) he has endured a harsher sentence than originally

pronounced by the court due to the COVID-19 pandemic; (3) his declining health conditions,

and; (4) his sentence enhancement under 21 U.S.C. § 851 would no longer apply."  (*Id.* at 2).

The Government opposes London's motion and argues that London failed to exhaust his

administrative remedies and, further, that he has not articulated reasons for a reduction in

sentence that are extraordinary and compelling.   (Docket No. 2922).   The Government

additionally argues that the sentencing factors at 18 U.S.C. § 3553(a) do not support a reduction

in sentence.  (*Id.*).  London has addressed the Government's arguments in opposition to his

motion in his reply brief.  (Docket No. 2927).  At this time, neither party has requested further

briefing; therefore, the matter is fully briefed and ripe for disposition.

## III.  <u>DISCUSSION</u>

Courts are not generally authorized to modify terms of imprisonment once they have

been imposed.  *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).

18 U.S.C. § 3582(c)(1)(A)(i) provides a limited exception to that general rule, "commonly

referred to as the 'compassionate release' provision," pursuant to which "district courts may

reduce a term of imprisonment when warranted by 'extraordinary and compelling reasons'" and

---

[1]     London was sentenced prior to enactment of the First Step Act (2018); therefore, he has not been
able to directly benefit from the First Step Act's replacement of "the term 'felony drug conviction' with
'serious drug felony'" and limitation of "the offenses that qualif[y]" for associated mandatory minimum
sentences.  *United States v. Aviles*, 938 F.3d 503, 508 (3d Cir. 2019).

when appropriate in light of the Section 3553(a) sentencing factors. *United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)). Extraordinary and compelling reasons are not defined by statute. *Id.* Rather, "Congress has directed the Sentencing Commission to issue general policy statements 'describing what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *United States v. Andrews*, 12 F.4th 255, 259 n.4 (3d Cir. 2021) (quoting 28 U.S.C. § 994(t)).[2]

The process for seeking a sentence reduction pursuant to Section 3582(c)(1)(A) is that either the Director of the Bureau of Prisons ("BOP") may move the Court for such a reduction, or a defendant may file his/her own motion, but only after first "fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Stehley*, No. 3:16-CR-14, 2023 WL 8014078, at *2 (W.D. Pa. Nov. 9, 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)). In this matter, London has filed his own motion and therefore must have satisfied the exhaustion requirement. In the Third Circuit, a defendant's failure to comply with the exhaustion requirement for compassionate release is "a glaring roadblock" to relief. *Id.* at *3 (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). District courts within the Third Circuit have held that "issue exhaustion"

---

[2] Between 2018 and 2022, there was not a policy statement applicable to prisoner-initiated motions. *United States v. Kramer*, No. 23-1246, 2024 WL 313389, at *3 (3d Cir. Jan. 26, 2024) (Restrepo, J., concurring) ("From 2018 to 2022, the Sentencing Commission lacked a quorum of voting members and was unable to carry out its statutorily assigned duties, including producing a policy statement regarding prisoner-initiated motions for compassionate release under the First Step Act."). But effective November 1, 2023, the Sentencing Commission has promulgated an applicable policy statement that defines extraordinary and compelling reasons as, *inter alia*, certain medical circumstances (*e.g.*, a terminal illness or a serious physical or medical condition that substantially diminishes the ability to provide self-care in a corrections facility without expected recovery, etc.), advanced age in combination with other circumstances, certain family circumstances, and some unusually long sentences. U.S.S.G. § 1B1.13(b)(1)-(6).

applies insofar as courts will only consider reasons for compassionate release a defendant first presented to the BOP. *United States v. Jeffries*, No. CR 14-106, 2021 WL 2000555, at *6 (W.D. Pa. May 19, 2021) (discussing *United States v. McNair*, 481 F. Supp. 3d 362, 366 (D.N.J. 2020)).

London alleges that he satisfied the administrative exhaustion requirement to move the Court for compassionate release but, in response, the Government challenges London's satisfaction of the exhaustion requirement. Addended to London's motion is an exhibit (Exhibit 1) described by London as the request he submitted to his warden asking for compassionate release. (Docket Nos. 2918, 2918-1). And Exhibit 1 does appear to be a request submitted by London to Warden Birkholz that reads: "I request consideration for compassionate release. Please advise. Thank you." (Docket No. 2918-1, pg. 2). Thus, the request is essentially what London has argued it to be: a request to his warden for compassionate release. However, as the Government points out, a request for compassionate release so lacking in detail cannot satisfy the exhaustion requirement for prisoner-initiated compassionate release motions because it did not give the BOP an opportunity to consider the same bases for compassionate release that London now presents to the Court.

Because London's "request to the warden does not contain any reference to" the reasons for compassionate release articulated in his motion, "and because this court cannot create an exception to the statutory exhaustion requirement set forth in § 3582(c)(1)(A), the motion[] for compassionate release will be denied without prejudice." *Jeffries*, 2021 WL 2000555, at *7. London's protestation of such a result in his reply brief reflects a misunderstanding of the compassionate release exhaustion requirement. London argues that because his warden lacks the authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), it would be futile for him to present his proposed bases of compassionate release to the warden; thus, he argues, exhaustion may be excused. (Docket No. 2927, pgs. 4-5). But the purpose of exhausting a

4

request for compassionate release is to give the BOP an opportunity to consider whether it will move for compassionate release on a defendant's behalf.  *Raia*, 954 F.3d at 597; *McNair*, 481 F. Supp. 3d at 368 ("Permitting inmates to bypass that requirement by presenting one reason for relief to the BOP and another to the Court would create an end-run around the exhaustion requirement and deprive the BOP of the opportunity to consider the request.").  London did not give the BOP any detail that would have allowed the BOP to consider whether it ought to move for compassionate release on his behalf.  Pursuant to BOP regulations, his request should have "at a minimum contain[ed] … [t]he extraordinary or compelling circumstances that [London] believes warrant consideration"; "[p]roposed release plans, including where [London] will reside, how [he] will support himself"; and, with respect to any health-based reasons for compassionate release, "information on where [London] will receive medical treatment, and how [he] will pay for such treatment."  28 C.F.R. § 571.61(a)(1)-(2).

IV.  **CONCLUSION**

For the foregoing reasons, the Court concludes that London failed to satisfy the administrative exhaustion requirement necessary to move this Court for compassionate release pursuant to Section 3582(c)(1)(A).

Accordingly, the Court enters the following Order:

AND NOW, this 23rd day of February 2024,

IT IS HEREBY ORDERED that London's Motion for Sentence Reduction [Pursuant to 18 U.S.C. § 3582(c)(1)(A)] (Docket No. 2918) is **denied without prejudice**.

s/ W. Scott Hardy
W. Scott Hardy
United States District Judge

cc/ecf:      All counsel of record

Anthony London (via U.S. Mail)

5

Fed. Reg. No. 14181-111
FCC Lompoc Satellite Camp
4000 Victory Road
Lompoc, CA 93436-2756